UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

RICHARD JONES, JR., )
                                 )
        Petitioner, )
                                 )
v. )      Nos.: 3:00-CR-131
                                 )            3:07-CV-328
UNITED STATES OF AMERICA, )      (VARLAN/GUYTON)
                                 )
        Respondent. )

**MEMORANDUM**

This action is before the Court on the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 230], filed by petitioner Richard Jones, Jr. ("Jones"). The United States has responded in opposition [Doc. 251]. Jones has filed two reply briefs [Docs. 256, 257]. For the reasons stated herein, the § 2255 motion will be **DENIED**.

**I.**     **Standard of Review**

This Court must vacate and set aside Jones's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Jones "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer, and the records of the case show conclusively that Jones is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     **Factual Background**

On September 20, 2000, Jones was charged in an indictment with six narcotics and weapons offenses [Doc. 24]. On September 29, 2000, Jones filed a motion to suppress asking the Court to suppress certain evidence discovered during a search law enforcement officers had performed on Jones's residence and during which drugs and weapons had been seized [Doc. 25]. The Court denied Jones's motion to suppress in a Memorandum and Order issued by James H. Jarvis, United States District Judge, who was the district court judge assigned to this case at the time [Doc. 45]. On February 21, 2001, Jones entered a conditional plea of guilty pursuant to a written plea agreement and in which he reserved his right to appeal the Court's denial of his suppression motion [Doc. 48]. Pursuant to that plea agreement, Jones was interviewed by the government regarding past criminal conduct [*Id.*]. Following his plea, and given his cooperation, the government filed a motion for a downward departure recommending a departure of 30 months in Jones's sentence in light of his assistance in the government's ongoing investigation [Doc. 50]. At Jones' sentencing

hearing, the Court granted the government's departure motion and sentenced Jones to a term of imprisonment of 210 months [Doc. 53].

In accordance with his conditional plea agreement, Jones appealed his suppression motion to the United States Court of Appeals for the Sixth Circuit [Doc. 54]. On July 10, 2003, the Sixth Circuit issued an opinion finding for Jones on the suppression issue and holding that the search of Jones's residence was conducted without valid consent. *See United States v. Jones*, 335 F.3d 527 (6th Cir. 2007). Accordingly, the court of appeals reversed the conviction and remanded the case to this Court for further proceedings. *Id.*

On remand, and in light of the Sixth Circuit's opinion, Jones elected to withdraw his previous plea of guilty [Doc. 217 at pp. 2-4]. The Court permitted the withdrawal. Then, over Jones's objection, the Court granted the government's motion to reinstate two charges from the initial indictment that had previously been dismissed: one charge of conspiracy to distribute crack cocaine and one charge of unlawful possession of a firearm by a felon [*Id.* at pp. 4-10]. The government then brought a superseding indictment against Jones [Doc. 75]. The superseding indictment contained seven charges, the two charges from the initial plea agreement that had previously been dismissed and five new charges based on information Jones had provided to the government in the course of his earlier cooperation [*Id.*]. Jones filed a motion to dismiss the second superseding indictment, arguing that the government was precluded from reinstating the two charges from the initial indictment and also arguing that the government could not add additional charges [Doc. 92].

In a Memorandum Opinion and Order issued on March 11, 2004, the Court denied Jones's motion to dismiss [Doc. 100] and held that the case could proceed to trial on the charges contained in the superseding indictment [*Id.*]. The Court noted that while the case was "the first . . . in recent memory" involving the government's continued prosecution of a defendant after he prevailed on a suppression motion, the Court "disagrees" with Jones's argument that his previous plea agreement prohibited the government from reinstating the previously-dismissed charges and from presenting new charges [*Id.* at p. 9]. The Court also noted its disagreement, with citation to statutes and case law, with Jones's argument that proceeding to trial "constitutes a usurpation of the appellate court jurisdiction by this court." [*Id.* at pp. 14–16]. The Court, accordingly, found that all the procedures by the government "are entirely proper pursuant to the case law of this circuit, Rule 11(a)(2) of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 3296." [*Id.* at p. 16]. The next day, Jones filed a motion for reconsideration of the Court's order [Doc. 101]. The Court denied the motion five days later at a status conference [Doc. 102].

On March 26, 2004, the government offered Jones a second plea agreement [Doc. 116]. The government submits that in a letter accompanying this second plea agreement offer, it advised Jones that, if convicted at trial on the charges pending in the superseding indictment, he faced a sentence of imprisonment of more than fifty years [*Id.*]. The proposed plea agreement, on the other hand, would result in a sentence of 210 months imprisonment, the same sentence Jones initially faced [*see id.*]. *See United States v. Jones*, 469 F.3d 563, 565 (6th Cir. 2006), *cert. denied,* 550 U.S. 979 (2007). The government submits that the

letter also informed Jones that the plea offer would remain open until April 7, 2004 [*Id.*]. Jones never accepted the offer.

On March 30, 2004, Jones filed an interlocutory petition for a writ of mandamus with the Sixth Circuit. In his petition, Jones asked the court of appeals to correct by way of mandamus the Court's ruling permitting the case to go forward on the superseding indictment and asking that the court of appeals find this Court had erred when it rejected Jones's argument that the initial plea agreement prohibited the reinstatement of the previously-dismissed charges and the filing of new charges [Doc. 104, ¶¶ 4-5]. In support of his petition, Jones included the Court's March 11, 2004 Memorandum and Order denying his motion to dismiss the superseding indictment [*see id.*].

On April 23, 2004, while the petition for mandamus was pending, Jones filed five motions: a motion to dismiss for prosecutorial misconduct; a motion to suppress results of an interview; a motion to suppress pretrial discovery; a motion to dismiss the superseding indictment; and a motion to dismiss based on denial of speedy trial [Docs. 105, 106, 107, 108, 109]. In several of these motions, Jones reiterated his previous arguments that the government could not reinstate counts from the initial indictment or bring new charges.

On June 11, 2004, a three-judge panel of the Sixth Circuit entered an order denying Jones's petition for mandamus because the court held Jones had not demonstrated that he was entitled to relief and this Court's denial of Jones's motion to dismiss the superseding indictment was not erroneous as a matter of law [*see* Doc. 118, p. 2].

On July 27, 2004, the Court entered a Memorandum and Order denying the five motions Jones had filed on April 23, 2004 [Doc. 134]. The Court's order again addressed arguments in Jones's motions that the government could not reinstate counts from the initial indictment or bring new charges [*Id.*, pp. 2-5]. Following this order, Jones filed a number of motions, several pertaining to essentially the same arguments. These motions included a motion to adopt his prior motions [Doc. 143] and a motion to suppress [Doc. 147], in which Jones requested a *Kastigar* hearing [*Id.*]. On September 29, 2004, the Court issued a Memorandum and Order denying Jones's motions, including his request for a *Kastigar* hearing and again rejecting Jones's arguments that the government was proceeding inappropriately [Doc. 162].

On November 1, 2004, this case was reassigned to the undersigned [Doc. 180]. The Court then entered a Memorandum and Order denying the outstanding pending motions [Doc. 185]. The case proceeded to trial and, on November 19, 2004, a jury convicted Jones of six of the seven counts against him [Doc. 202]. On February 24, 2005, Jones was sentenced to a term of 420 months imprisonment.

On direct appeal from his conviction, Jones raised two claims:

> First, he argues that the plea agreement remained binding on the government after he withdrew his guilty plea following the Court of Appeals ruling. Since the plea agreement remained in force, Jones argues that the government should not have been allowed to reinstate previously dismissed charges or add new charges to the indictment. Second, he argues that the District Court erred in admitting the incriminating statements Jones made to the FBI pursuant to his plea agreement.

*Jones*, 469 F.3d at 566. The Sixth Circuit rejected both claims. *Id.* at 567.

The Sixth Circuit first found that, by withdrawing his guilty plea, Jones nullified the initial plea agreement and the government was no longer bound by its obligations under that agreement. *Id.* The court of appeals also found that the government was free to re-indict Jones based on evidence that was lawfully obtained. *Id.* The court of appeals also found that Jones's statement to law enforcement was admissible at trial because, by withdrawing his guilty plea and nullifying the plea agreement, Jones "free[d] the government of its contractual obligation not to use his statement against him." *Id.* at 567. With respect to the latter issue, the Sixth Circuit observed that, pursuant to the terms of the plea agreement, the government could not use Jones's statement against him unless Jones violated the terms the agreement, and by withdrawing his guilty plea, Jones "did violate the express terms of the plea agreement." *Id.*

In support of his § 2255 motion to vacate sentence, Jones alleges that he received ineffective assistance of counsel:

> Defense counsel rendered ineffective assistance in violation of the Sixth Amendment when counsel advised petitioner to withdraw his guilty plea; grossly understated petitioner's sentencing exposure if he proceeded to trial; and erroneously advised petitioner that the government could not reinstate the previously dismissed counts of the indictment, or re-indict petitioner based on lawfully obtained evidence.

[Doc. 234, p. 7]. Jones alleges that he agreed to withdraw his guilty plea only after being repeatedly assured by his attorney that the government could not reinstate previously

dismissed charges, despite the government's threat to do so, and could not prosecute Jones for other offenses. [*Id*. at 10-15].

Jones also alleges that his attorney assured him that, if he rejected the renewed plea offer and went to trial, he would not be exposed to any more time than to which he had already been sentenced. [*Id*. at 14]. Jones insists that, but for his attorney's erroneous advice, he would have accepted the renewed plea agreement. [*Id*. at 14-15].

### III. Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687. To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), the defendant must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690.

### A. Counsel's Performance was Deficient

The government concedes the first prong of *Strickland*, that counsel's performance was deficient:

> This case presents a record that appears unprecedented in the Circuit, and perhaps in the nation. It is undisputed that, after the case was remanded by the Sixth Circuit, petitioner's counsel took an incorrect legal position and that counsel gave petitioner advice based upon that erroneous position when he recommended that petitioner withdraw his guilty pleas. It is undisputed that counsel persisted in that incorrect legal position when, after the United States offered petitioner virtually the same plea agreement, counsel advised petitioner that this Court's ruling denying petitioner's motion to dismiss the Superseding Indictment would be reversed on direct appeal. These facts demonstrate that counsel's incorrect legal position "fell below an objective standard of reasonableness" and that counsel's position constituted deficient performance that meets the first prong of *Strickland*.

[Doc. 251, p. 39].

Defense counsel implicitly admitted that he gave Jones erroneous advice. In an affidavit in support of the motion to dismiss the third superseding indictment, counsel stated that had he known the government could prosecute Jones on charges that had been dismissed, in the event of a successful appeal on the suppression issue, he would not have advised Jones to enter into a conditional guilty plea and he would not have advised Jones to withdraw his guilty plea. [*Id*; Doc. 186, p. 3].

The Court finds that counsel's representation of Jones was deficient under the *Strickland* standard in light of applicable case law in the Sixth Circuit at the time. In *United States v. Bradley*, 922 F.2d 1290, 1296 (6th Cir. 1991), *overruled on other grounds by United States v. McGlocklin*, 9 F.3d 1037, 1046-47 (6th Cir. 1993) (*en banc*), the defendant entered

9

into a conditional guilty plea to drug-related offenses after his motion to suppress was denied; the Sixth Circuit determined that "the defendant's consent to search was tainted by an illegal arrest" and "[t]he evidence found on the day of the defendant's arrest must, therefore, be suppressed." *Id*. at 1296. The Sixth Circuit also found as follows:

> [T]he evidence found at the time of the search two days later, when the FBI agent obtained consent to search a second time, is not suppressible because the taint of the illegal arrest had sufficiently dissipated and the defendant had been brought before a judicial officer as well as been informed of his rights, before this consent was obtained and voluntarily given by the defendant.

*Id*. The Court thus reversed in part and affirmed in part the defendant's conviction and sentence, and remanded for further proceedings.

On remand, the government notified the defendant in writing that he was still bound by his plea agreement and gave him a deadline to accept the original agreement. The defendant did not respond and he was subsequently indicted in a superseding indictment, which dropped some charges from the original indictment and added other charges. *United States v. Bradley*, 1993 WL 3463 at *2 (6th Cir. Jan. 8, 1993) (unpublished decision). The defendant unsuccessfully moved to dismiss the superseding indictment. *Id*. At sentencing, when the defendant was asked if he wanted to withdraw his guilty plea, his "counsel stated that his client would 'stand mute on that issue.'" *Id*. As a result, "[t]he district court concluded that [the defendant] did not withdraw his plea to the original indictment and found that there was an adequate factual basis for the plea." *Id*.

On appeal after remand, the defendant argued that the district court erred when it sentenced him on his plea to the original indictment and when it denied his motion to dismiss

10

the superseding indictment. The Sixth Circuit agreed with defendant's first argument and reversed and remanded his conviction, finding that "the district court should have given Bradley the choice of either pleading to the superseding indictment or standing trial on the counts charged in the superseding indictment." *Id*. at *3 (footnote omitted).

With respect to the superseding indictment, the defendant argued, *inter alia*, that certain counts of the superseding indictment, which were part of the original indictment, were barred from prosecution by the Double Jeopardy Clause. His argument was based upon the government's dismissal of those counts in the original indictment in return for his guilty plea to other counts. The Sixth Circuit disagreed, noting that "the original plea agreement was nullified" as a result of the suppression of illegally seized evidence. *Id*. at *4. Therefore, "both [the defendant] and the government were placed back in the position they were in prior to entering into the plea agreement." *Id*. (citation omitted). Accordingly, "the government was free to reindict" the defendant based on legally obtained evidence. *Id*.

Based upon the Sixth Circuit's decision in *Bradley* and other Sixth Circuit case law, at the time Jones withdrew his guilty plea and then refused to accept the newly proffered plea agreement, his attorney was on notice that the government could re-indict Jones on the previously dismissed charges and on new charges based upon newly acquired and legally obtained evidence. *See also Reid v. United States*, 1998 WL 69832 at *2 (6th Cir. 1998) (unpublished decision) ("When a defendant repudiates a plea bargain, either by withdrawing the plea or by successfully challenging his conviction on appeal, there is no double jeopardy or other obstacle to restoring the relationship between the defendant and the state as it existed

11

prior to the defunct bargain.");*United States v. Lowery*, 60 F.3d 1199, 1205 (6th Cir. 1995) (conviction vacated because defendant was not properly informed of the nature of the charges to which he pleaded guilty; on remand, "if the defendant declines to plead guilty" to the same charges, he "may be recharged" with the charges that were dismissed as "consideration of the negotiated plea agreement"); *United States v. Williams*, 1992 WL 322384 at *10 (6th Cir. 1992) (unpublished decision) (defendant pleaded guilty to four counts of a 39-count indictment; conviction vacated on one count because defendant's guilty plea was not knowing and voluntary; on remand, if "defendant declines to offer a plea of guilty to" the count of the indictment for which his conviction was vacated, "the defendant may be recharged with all of the counts of the original indictment save" the counts for which his guilty pleas were affirmed); *Hawk v. Berkemer*, 610 F.2d 445, 448 (6th Cir. 1979) (the State has the power to reinstate all the original charges after a defendant successfully appealed his conviction pursuant to a guilty plea to one charge). Jones has thus met the first prong of *Strickland*: deficient performance of counsel.

### B. Jones was not Prejudiced by Counsel's Deficient Performance

In order to demonstrate ineffective assistance of counsel, Jones must also meet the second prong of *Strickland*, namely prejudice. *See, e.g., Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997) ("Ineffective assistance of counsel occurs when an attorney's deficient performance prejudices the defense and renders the trial unfair and the result unreliable.").

As the Supreme Court has stressed, the focus must be on "whether the result of the proceeding was fundamentally unfair or unreliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369

(1993). "To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Id*. at 369-70. Nevertheless, *Lockhart v. Fretwell* "do[es] not justify a departure from a straightforward application of *Strickland* when the ineffectiveness of counsel *does* deprive the defendant of a substantive or procedural right to which the law entitles him." *Williams v. Taylor*, 529 U.S. 362, 393(2000).

As noted above, Jones argues that:

> Defense Counsel rendered ineffective assistance in violation of the Sixth Amendment when counsel advised petitioner to withdraw his guilty plea; grossly understated petitioner's sentencing exposure if he proceeded to trial; and erroneously advised petitioner that the government could not reinstate the previously dismissed counts of the indictment, or re-indict petitioner based on lawfully obtained evidence.

[Doc. 234, p. 7]. Jones claims he "exclusively relied" on his counsel's advice in rejecting the plea agreement and proceeding to trial [*Id*. at 14-15]. He also asserts that he "trusted counsel's advice" because counsel had prevailed on the suppression issue on direct appeal [*Id*. at 15].

The government submits several arguments countering Jones's position [Doc. 251]. Primarily, however, the government argues that Jones was not prejudiced by his attorney's advice because he was "repeatedly informed that counsel's position was fundamentally incorrect prior to petitioner's decision to reject the renewed plea offer and/or prior to trial" [*Id*. at 39-45]. Furthermore, the government argues that, given such knowledge, Jones cannot claim prejudice under Sixth Circuit precedent [*Id*. at 50-61].

With respect to the allegation that Jones was fully aware of his attorney's incorrect legal position, the government points to at least six instances in the record where Jones was put on notice that his attorney's advice was incorrect. First, the government submits that, prior to rejecting the plea offer, Jones was put on notice that his attorney's advice was incorrect as a result of a Memorandum and Order entered by the Court on March 11, 2004 [*Id*. at 40-41]. In that order, the Court denied Jones's motions to dismiss the superseding indictment [*Id*.]. The Court also specifically noted that it disagreed with the position that the government could not reinstate previously dismissed charges or indict Jones on new charges under Sixth Circuit case law [*Id*.] Jones moved for reconsideration, and five days later, at a status conference, the Court denied the motion and orally advised Jones that his counsel's position was legally incorrect [*Id*.]

Second, the government submits that Jones was put on notice when it renewed the plea offer and agreed to move to file a motion for downward departure if Jones accepted [*Id*. at 41, 46-46]. In the letter accompanying this plea offer, the government informed Jones that he would face in excess of fifty years in prison if he rejected the plea and were convicted at trial [*Id*.].

Third, the government submits that Jones was put on notice that his attorney's position was incorrect five months prior to trial when a three-judge panel of the Sixth Circuit held such [*Id*. at 41-42]. In denying Jones's interlocutory petition for writ of mandamus, the three-judge panel explained that the government's actions were entirely permissible and proper under both Rule 11(a)(2) and 18 U.S.C. § 3296 [*Id*.].

Fourth, the government submits that Jones was put on notice when, prior to trial, the Court rejected his counsel's argument regarding prosecutorial misconduct [*Id*. at 42-44]. In doing so, again the Court stated that the government had the authority to reinstate the previously-dismissed charges and present new charges [*Id*.]. The Court also explained that Jones had been advised that his attorney's position on the matter was incorrect, and that he, therefore, could not demonstrate prejudice by his attorney's advice because, knowing the advice was incorrect, he nevertheless chose to plead not guilty and proceed to trial [*Id*.].

Fifth, the government submits that, prior to trial and in considering Jones's request for a *Kastigar* hearing, the Court again found that the government proceeded appropriately following the Sixth Circuit's decision reversing the denial of the suppression motion [*Id*. at 44]. The Court also informed Jones at that time that, to the extent he relied on his attorney's position, his decision to proceed to trial was knowingly and voluntarily made after being repeatedly informed that his attorney's position was incorrect [*Id*.].

Finally, the government submits that, after this case was reassigned to the undersigned, the undersigned agreed with Judge Jarvis's conclusions in addressing the outstanding pre-trial motions [*Id*. at 44-45]. The undersigned expressly found the position of Jones's attorney was "novel" and lacked any legal support [*Id*.].

On the basis of these facts, the government contends that, under Sixth Circuit law, Jones cannot show that his plea was involuntary or unknowing, that his proceeding was fundamentally unfair, that the resulting conviction is unreliable, or that the adversarial process did not function in accordance with due process [*Id*. at 52]. In particular, the

15

government relies on *Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992), *cert. denied*, 507 U.S. 932 (1993), and *Ramos v. Rogers*, 170 F.3d 560 (6th Cir. 1999), *cert. denied*, 528 U.S. 847 (1999), both of which involved defendants who were given incorrect legal advice and, based on that advice, chose to plead guilty instead of proceeding to trial [*Id*. at 52-59]. In each case, the Sixth Circuit found that, because the court had informed the defendant of the correct legal authority, the defendants' claims of ineffective assistance of counsel failed because they could not demonstrate prejudice [*Id*.].

Although recognizing the specific facts of these two cases are distinguishable from this case, the government contends that they are instructive as to the outcome of this motion [*Id*. at 58]. The government submits that *Warner* and *Ramos* "stand for the proposition that a petitioner claiming that his decision during plea negotiations was based upon incorrect advice by counsel is not prejudiced where, at the time the decision was made, the court had advised the petitioner that counsel's position was legally in error" [*Id*.]. Further, the government argues that, under this law, a plea decision is "rendered knowing and voluntary by the accurate information provided by the court, [and] the erroneous advice by counsel does not undermine the fundamental fairness of the proceeding or the reliability of the outcome" [*Id*. at 59].

As the government points out, Jones was repeatedly informed by the government, the Court, and the Sixth Circuit that his attorney's position on the reinstatement of previously dismissed charges and the bringing of new charges was incorrect. He, however, chose to ignore such contentions and proceed to trial, and he must now face the consequences of his

16

decision. Indeed, the Sixth Circuit has required defendants in similar positions to do the same.

For example, in *Warner*, the defendant, in pleading guilty, relied on the representations of his attorney that his state and federal sentences would run concurrent. 975 F.2d at 1210-11. The defendant filed a habeas petition on the basis of ineffective assistance of counsel, which the district court denied. *Id.* at 1210. On appeal, although the Sixth Circuit found the defendant's attorney was ineffective because the statement regarding concurrent sentences was incorrect, it declined to find that the defendant was prejudiced as a result. *Id.* at 1211-12. In particular, it found that the district court informed the defendant in open court that there would be no concurrent federal and state sentences and, in doing so, provided the defendant the opportunity to withdraw the guilty plea. *Id.* The defendant did not withdraw his plea, and the district court found the plea of guilty was entered into knowingly and voluntarily. *Id.* Accordingly, the court found that the defendant suffered no prejudice. *Id.*

Likewise, in *Ramos*, the defendant pled guilty on the basis of his attorney's promise that he would receive supershock probation after one year in prison. 170 F.3d at 565. After being denied such, the defendant filed a habeas petition on the basis of ineffective assistance of counsel, which the district court dismissed. *Id.* at 563. The Sixth Circuit, on appeal, affirmed. Assuming deficient performance by the attorney, the court of appeals found that the defendant was not prejudiced as a result of his attorney's promise because the district court specifically informed him that his offense was not a probationable offense. *Id.* at 565.

17

In light of this law and the Court's thorough review of the record, the Court finds that Jones was not prejudiced by his attorney's deficient representation. As in *Warner* and *Ramos*, the Court, as well as the government and the Sixth Circuit, repeatedly informed Jones that his attorney's position was incorrect, both before and after he rejected the plea. *Cf. Magana v. Hofbauer*, 263 F.3d 542 (6th Cir. 2001) (affirming ineffective assistance of counsel claim based on erroneous advice of attorney where defendant did not know the advice was in error). Jones's subjective reliance on his counsel's incorrect position does not, as the government points out, "negate the fact that [he] was provided correct information by the court" [Doc. 251, p. 58-59]. Accordingly, the erroneous advice of Jones's counsel did not undermine the fundamental fairness of the proceeding or the reliability of the outcome.

## IV.  Conclusion

Upon review of the motion and the record as a whole, the Court finds that Jones's motion to vacate, set aside or correct sentence [Doc. 230] should be **DENIED**. An evidentiary hearing is not required. Rule 8(a) of the Rules Governing Section 2255 Proceedings In The United States District Courts. The pending motion for relief [Doc. 260] and motion to strike [Doc. 258] will be **DENIED** as **MOOT**. The Clerk of Court is **DIRECTED** to close this civil file.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE