UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:00-CR-131 |
| | ) | (VARLAN/GUYTON) |
| RICHARD JONES, JR., | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on the Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 262], filed by the defendant, Richard Jones Jr. In the motion, the defendant requests that the Court grant him a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), which permits the Court to reduce a defendant's sentence if the sentencing range has been lowered since the defendant was initially sentenced. The United States has responded [Doc. 264], stating that the government defers to the Court's discretion on whether to grant the defendant's motion within the limits set by 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10, and, if so, to what extent the sentence is to be reduced. The government recommends, however, that the Court find the defendant's current sentence to be sufficient, but not greater than necessary to fulfill the statutory sentencing objectives. Both the defendant and the government have filed notices of no objections [Docs. 267, 268] to the Memorandum Regarding Retroactivity (the "MRR"), prepared by the U. S. Probation Office. The defendant's motion is ripe for determination.

## I. Legal Background

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by 18 U.S.C. § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Through Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, the Sentencing Commission lowered, by two offense levels, the sentencing ranges for most cocaine base offenses in an effort to correct the disparity in sentences between defendants punished for cocaine base offenses and defendants punished for other drug offenses, including cocaine powder offenses. *See* U.S.S.G. § 2D1.1. Amendment 706 is not effective for offenses involving two or more different types of controlled substances, even when one of the substances is crack cocaine, because, pursuant to Application Note 10(D) of U.S.S.G. § 2D1.1, the drug quantities are converted to their marijuana equivalents and the defendant's offense level would then be determined by the marijuana portion of the drug quantity table.

Accordingly, the Sentencing Commission enacted Amendment 715, effective on May 1, 2008, which provides for a two-level reduction of most offenses involving crack cocaine and at least one other controlled substance, in order to effectuate the two-level reduction intended by Amendment 706 in this type of case. Amendment 715, Application Note 10(D) of U.S.S.G. § 2D1.1 provides:

> (D) <u>Determining Base Offense Level in Offenses Involving Cocaine Base and Other Controlled Substances</u>. --
>
> (i) <u>In General</u>.– Except as provided in subdivision (ii), if the offense involves cocaine base ("crack") and one or more other controlled substance, determine the combined offense level as provided by subdivision (B) of this note, and reduce the combined offense level by 2 levels.
>
> (ii) <u>Exceptions to 2-level Reduction</u>.– The 2-level reduction provided in subdivision (i) shall not apply in a case in which:
>
> (I) the offense involved 4.5 kg or more, or less than 250 mg, of cocaine base; or
>
> (II) the 2-level reduction results in a combined offense level that is less than the combined offense level that would apply under subdivision (B) of this note if the offense involved only the other controlled substance(s) (*i.e.*, the controlled substances other than cocaine base).

*Id.* This amendment, Amendment 715, is the amendment implicated in this case.

Both Amendment 706 and 715 may be applied retroactively. *See* U.S.S.G. § 1B1.10(c). Accordingly, if the sentencing range for a defendant's offense has been lowered by either of these amendments, the Court has discretion under 18 U.S.C. § 3582(c)(2) to reduce a defendant's sentence, after first considering the § 3553 factors and whether the

reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has issued a general policy statement regarding reduction of sentences as a result of the amendments to certain guideline ranges, including the ranges for most cocaine base offenses. U.S.S.G. § 1B1.10. Section 1B1.10 addresses a court's discretion in reducing a defendant's sentence:

> (a) <u>Authority</u>. –
>
> (1) <u>In General</u>. – In case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> . . . .
>
> (b) <u>Determination of Reduction in Term of Imprisonment</u>. –
>
> (1) <u>In General</u>. – In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

> (2) <u>Limitations and Prohibition on Extent of Reduction</u>. –
>
> > (A) <u>In General</u>. – Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. §§ 1B1.10(a), (b) (revised Dec. 11, 2007). In addition to these limits, the Sentencing Commission states that a court must also consider the 18 U.S.C. § 3553 factors and the danger to the public created by any reduction in defendant's sentence. *Id.* at cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *Id.*

## II. Analysis

Following a jury trial, the defendant was convicted of conspiracy to distribute and possess with intent to distribute at least fifteen (15) kilograms of cocaine hydrochloride and at least 500 grams of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (count one); being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (counts two and seven); maintaining drug-involved premises, in violation of 21 U.S.C. § 856(a)(2) (count three); causing the possession with intent to distribute at least fifteen (15) grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (count five); and causing the possession of firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (count six) [Doc. 208]. His resulting sentence was based on the cocaine base offense guidelines in effect prior to November 1, 2007 and is therefore affected by Amendment 715 to the Sentencing Guidelines.

Accordingly, the Court may reduce the defendant's sentence after considering the 18 U.S.C. § 3553 factors if it finds that a reduction is consistent with the applicable policy statement.

The defendant was held accountable for at least fifteen (15) kilograms of cocaine and at least 500 grams of crack cocaine, for a combined marijuana equivalent of 13, 000 kilograms [PSR, ¶ 36]. In calculating the applicable guidelines range according to the Guidelines in effect at the time of the defendant's sentencing, and given the amount of drugs the defendant was being held accountable for, the probation officer determined that the defendant's base offense level was 36.[1] This base offense level of 36 was enhanced by four levels for the defendant's role in the offense, pursuant to U.S.S.G. § 3B1.1(a), resulting in a total offense level of 40 [*Id.*, ¶¶ 46, 48]. Given the defendant's criminal history category of IV, the defendant faced a guideline range of 360 months to life imprisonment, followed by a consecutive, statutorily-mandated term of 60-months imprisonment for violating 18 U.S.C. § 924(c) (count six) [*Id.*, ¶¶ 107-08, 110]. The defendant was also subject to mandatory minimum terms of imprisonment on count one (twenty years), counts two and seven (fifteen years each), and count five (five years) [*Id.*, ¶¶ 103-04, 106]. On February 24, 2005, the Court sentenced the defendant to an aggregate term of 420 months imprisonment: "360 months imprisonment as to Counts One, Two, Five, and Seven and 240 months as to Count Three, to run concurrently, and 60 months as to Count Six, to run consecutively."

---

[1] Due to his prior criminal history, the defendant was classified as an armed career criminal pursuant to U.S.S.G. § 4B1.4 (PSR, ¶ 49). The defendant was not sentenced as a career offender, however, because the defendant's offense level of 36, derived from the quantity of drugs he was held accountable for, exceeded the offense level mandated by his armed career criminal status, which was 33 [*Id.*, ¶ 77].

[Doc. 208]. According to the Bureau of Prisons (the "BOP"), the defendant is presently scheduled for release on March 21, 2031.

Under Amendment 715, Application Note 10(D) of U.S.S.G. § 2D1.1, the defendant's base offense level remains unchanged, but the total offense level is to be reduced by two levels. Accordingly, where the defendant's original total offense level was 40, Amendment 715 reduces his total offense level to 38, which, with a criminal history category of IV, results in an amended guidelines range of 324 to 405 months followed by a consecutive 60-months for the violation 18 U.S.C. § 924(c), resulting in an effective amended guideline range of 384 to 465 months imprisonment.

The Court will now consider the 18 U.S.C. § 3553 factors in determining whether and to what extent the defendant's sentence may be reduced. In regard to these factors, the Court considers the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment; the kinds of sentences available and the sentencing range; the need to avoid unwarranted disparities; and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553a.

Amendment 715 itself addresses some of these factors, particularly the need to avoid unwarranted sentencing disparities in poly-drug cases between offenses for cocaine base offenses and cocaine powder offenses. The Court previously considered the 18 U.S.C. §

7

3553 factors at the defendant's sentencing and ultimately determined that an aggregate sentence of 420 months, a sentence at the bottom of the guideline range, was appropriate. The Court will now place particular emphasis on new information before the Court relevant to the § 3553 factors in determining the appropriate sentence. A similar revised sentence, given the reduced guideline range, would be an aggregate sentence of 384 months imprisonment.

Records from the BOP indicate that the defendant has successfully completed or performed a large number of hours in education and vocation-related programs offered by the BOP. Such programs include: HVAC Vocation Training (the defendant completed the program); the Victim Awareness Program (the defendant completed 12 hours); the Job Fair Information Program (the defendant completed the program, a 1 hour program); Plumbing Vocational Training, and Blueprint Vocational Training (the defendant completed 108 hours) [*See* MRR, p. 7]. A progress report from the facility where the defendant is housed was unavailable, but information from the BOP designation unit indicates that the defendant has had several incident reports, all non-criminal type offenses likely involving nuisance type contraband and using another inmate's personal identification number to make phone calls.

The Court also considers the danger to the public as the result of any reduction in the defendant's sentence. *See* U.S.S.G § 1B1.10, cmt. n.1(B)(ii).[2] The defendant is a criminal

---

[2] Stating that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction . . . ." U.S.S.G. § 1B1.10, cmt. n.1(B)(ii).

history category IV offender and he has a long criminal history including convictions for first degree manslaughter, robbery, and aggravated trafficking. Moreover, the defendant committed his first criminal act, a burglary, at age 13, and the only break in his criminal activity appears to have occurred when he was incarcerated. The defendant is also a poly-substance abuser, having been addicted to heroin, cocaine, Dilaudid, and other drugs.

In sum, after considering the 18 U.S.C. § 3553 factors and taking into account the information regarding the defendant's post-sentencing conduct and the danger to the public created by any reduction in defendant's sentence, the Court finds that some reduction in the defendant's sentence is appropriate. In making this determination, the Court is particularly influenced by the need to avoid unwarranted sentence disparities, the problem Amendments 706 and 715 are designed to address. The Court has also taken into consideration the risk the defendant poses to public safety, considering in particular his extensive criminal history and his prior convictions. Finally, the Court has considered the need to provide the defendant with more vocational training, as it seems the defendant has taken advantage of many of the programs offered by the BOP, and how further training and treatment will assist in his reentry into society. *See* 18 U.S.C. § 3553(a)(2)(D).

Accordingly, because the Court determines that factors similar to the ones that applied at the defendant's initial sentencing also apply in this case, and because the Court does not have any new information regarding the defendant's conduct that causes it to reach a different conclusion under the 18 U.S.C. § 3553 factors, the Court will reduce the

defendant's sentence to an aggregate sentence of 384 months,[3] which is the low end of the effective amended Guidelines range of 384 to 465 months.

**III.    Conclusion**

Accordingly, the defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 262] is hereby **GRANTED** and the defendant's sentence is hereby reduced to an aggregate sentence of 384 months imprisonment.[4]

IT IS SO ORDERED

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[3] A sentence of 384 months results in a reduction of 36 months from the defendant's original sentence of 420 months.

[4] An aggregate sentence of 384 months breaks down into a sentence of 324 months for counts one, two, three, five, and seven, all sentences running concurrently, and 60 months as to count six, to run consecutively.